No. 35,156

C. H. COCHRAN, *Petitioner*, v. MILTON F. AMRINE, Warden of the Kansas State Penitentiary, *Respondent*.

(133 P. 2d 92)

Opinion on postdecision motions filed December 30, 1942. (For former opinions denying the writ see 153 Kan. 777, 113 P. 2d 1048; 155 Kan. 777, 130 P. 2d 605, and opinion on postdecision motions filed December 24, 1942.)

The opinion of the court was delivered by

HARVEY, J.: On December 24, 1942, the petitioner, acting in his own behalf, filed in this court a "Motion to order copy of reporter's letter submitted to show irregularities." This motion is denied for the reason that in an opinion on postdecision motions handed down

December 24, 1942, was outlined the method to be followed as to any question arising on the correction of the transcript of the testimony taken at the hearing July 15.

Also, on the same date the petitioner, acting in his own behalf, filed a paper entitled "Petitioner submits evidence withheld by counsel of petitioner at hearing." This purports to be copy of a letter written by petitioner to the court reporter at Wellington, Kan., January 3, 1935, asking for a list of jurors of his case, which was furnished, and which letter asked: "Did you get notice of appeal?" which petitioner states was answered in the negative. This matter now submitted can have no bearing upon the disposition of this case, for the following reasons:

*First.* The taking of evidence in this case was closed at the close of the hearing July 15, and the petitioner has no right or authority now to file exhibits of evidence without permission of the court and upon a showing of a reason therefor.

*Second.* Even if this motion and answer could be interpreted, as petitioner contends, that it constitutes proof that previously he had sent a notice of appeal to the official court reporter—which it is far short of doing—that fact would be of no consequence. The court reporter is not a person upon whom notice of appeal can be served. See ruling on this point in our opinion, 155 Kan. 777, 779, 130 P. 2d 605.

An attorney employed or appointed for a litigant is not to be condemned for declining to submit to a court, or advising his client the futility of submitting to the court, as evidence matter which in his judgment as a lawyer would be inadmissible in evidence or which if admitted would have no bearing on the issue before the court.

The court, therefore, strikes this document from the files.